IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **KELLEY LINNEA BARNETT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-2810 |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Kelley Linnea Barnett ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 19) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 20). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REVERSES** and **REMANDS** this matter for further proceedings consistent with this opinion. A separate order will issue.

1

## I. Procedural Background

On June 2, 2014, Plaintiff filed for DIB under Title II and SSI under Title XVI. R. 12, 226-39. For both filings, Plaintiff alleged disability beginning August 1, 2010. R. 12, 93, 103. Plaintiff alleged disability due to "slip [sic] disk in back, muscle spasm in right leg," and bipolar disorder. R. 93, 103. Plaintiff's claims were initially denied on November 5, 2014, and upon reconsideration on February 2, 2015. R. 12, 93-112, 115-34. Plaintiff requested an administrative hearing. R. 159-60. This was Plaintiff's second request for a hearing on claims for DIB and SSI. R. 11. Her first request resulted in an unfavorable decision on January 25, 2008. R. 11, 70-84. Plaintiff's second hearing was held on September 3, 2015. R.12, 33-69. On September 21, 2016, Plaintiff's current claims were denied. R. 11-26. Plaintiff sought review by the Appeals Council, which concluded on August 1, 2017, that there was no basis for granting the Request for Review. R. 1-3.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is

"more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a),

3

416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g.

daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

**III.     Analysis**

In this matter, the ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 14-26. At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since August 1, 2010, the alleged onset date. R. 14. At step two, under 20 C.F.R. § 404.1520(c) and § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: "lumbar degenerative disease, lumbosacral radiculopathy, lumbar facet arthropathy, and bipolar disorder." R. 14. The ALJ stated that the listed impairments were severe because they, "impose more than minimal functional limitations on claimant's ability to perform basic work activities and have lasted or are expected to last for more than twelve months . . . ." R. 14. In step three, the ALJ determined that Plaintiff did not have "an impairment or a combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926)." R. 15. At step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except that:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for four hours. She can sit for six hours. She can occasionally stoop, crouch, kneel, and crawl and climb stairs and ramps. She can never climb ladders, ropes, or scaffolds. She needs to avoid all exposure to hazards, including heights and heavy machinery. She can do simple, routine, repetitive work, in an environment with few, if any workplace changes. She can have occasional interactions with supervisors and

5

coworkers, and can have incidental contact with the public, but no direct customer service.

R. 18. The ALJ then determined that Plaintiff was not capable of performing any of her past relevant work. R. 23-24. At step five, however, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 24-26.

On appeal, Plaintiff requests that the Court grant summary judgment in her favor or, in the alternative, remand this matter to the Social Security Administration for a new administrative hearing. For the reasons set forth below, the Court **REVERSES** the ALJ's decision in part and **REMANDS** the matter for further proceedings.

### A. *The ALJ's explanation for finding Plaintiff had moderate difficulties in maintaining concentration, persistence and pace was insufficient.*

Plaintiff alleges that the ALJ provided an insufficient explanation for how she determined that Plaintiff had moderate difficulties in maintaining concentration, persistence and pace, thus preventing judicial review. Pl.'s Mot. 13-15. Commissioner counters that the Court must read the ALJ's decision as a whole and that sufficient explanation was provided in the subsequent RFC discussion to support the finding of moderate limitations. Comm'r's Mot. 6.

According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following "special technique":

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the special technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory

6

findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). "[F]ailure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017) ("Without documentation of the special technique, it is difficult to discern how the ALJ treated relevant and conflicting evidence.").

Here, the ALJ determined that Plaintiff had "moderate difficulties" in maintaining concentration, persistence or pace, and provided the following explanation:

> [Plaintiff] reported some difficulty with completing tasks, testified she had to nap during the day, and told her counselor that she heard voices at times. She testified that her thoughts distracted her at times. However, [Plaintiff] reported spending time reading her Bible and she did not report difficulty with her concentration or memory. In addition, the claimant's psychiatrist, Dr. Nayeem, observed that the claimant had no deficit in memory, and her concentration and attention were fair to good at each visit between June 2015 and April 2016. For these reasons, the claimant has a moderate limitation in concentration, persistence, or pace.

R. 17 (internal citations omitted). Plaintiff argues that this explanation is insufficient to permit the Court to review the ALJ's determination and cites to this Court's decision in *Brocato v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-2540, 2017 WL 3084382 (D. Md. July 19, 2017). Pl.'s Mot. 15.

In *Brocato*, the ALJ found the claimant suffered from moderate difficulties in concentration, persistence, or pace. *Id.* at 3. The ALJ based this determination "exclusively on [the claimant's] reported issues in concentration, since the remaining sentences in the analysis would suggest mild or no limitations." *Id.* In reversing the ALJ's decision, this Court found the "cursory" explanation failed to meet regulatory requirements for assessing someone's difficulties

7

in the four functional areas. *Id.* This Court noted that absent additional explanation, it was "unable to ascertain whether the ALJ truly believed [the claimant] to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC . . . ." *Id.*; *see also Baylor v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-15-3520, 2016 WL 6085881 (D. Md. Oct. 18, 2016) (noting that the "cursory analysis provided . . . suggests that the finding of 'moderate difficulties' was based exclusively on the finding that [the claimant] reported issues in concentration and asked if she had dementia . . . since the remaining sentences in the analysis would suggest mild or no limitations"), *Miles v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-1397, 2016-WL-6901985 (D. Md. Nov. 23, 2016) (noting the court is unable to ascertain the reason for finding the claimant had moderate limitations in concentration, persistence, or pace as "[i]t appears the ALJ largely discredits [the claimant's] reports of difficulty with attention and concentration").

As in the aforementioned cases, the ALJ here provided only a brief explanation for her finding that Plaintiff had "moderate difficulties" in concentration, persistence or pace. R. 17. As she cites to no objective evidence in the record to support her finding of this level of difficulty, the ALJ appears to rest her determination solely on Plaintiff's self-reported difficulties in completing tasks, her need for naps, the fact she reported hearing voices "at times" and had distracting thoughts. R. 17. However, the remaining portion of the ALJ's explanation not only mitigates the finding of any difficulty in this functional area, it appears to undermine Plaintiff's credibility as to the reliability of her self-reported symptoms in general. While the Court could surmise that symptoms of Plaintiff's bipolar disorder and the side effects of her medications could impact her ability to maintain concentrate, persistence, or pace, this would be beyond the role of the Court in these proceedings. *Hays*, 907 F.2d at 1456. It is the ALJ who is tasked with

"build[ing] an accurate and logical bridge from the evidence to [her] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Without providing a more detailed explanation for how the record supports her conclusion of moderate difficulties, the ALJ's explanation leaves the Court "unable to ascertain whether the ALJ truly believed [Plaintiff] to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties." *Brocato*, 2017 WL 3084382, at *3. Therefore, the Court hereby orders this matter remanded for further proceedings to include an explanation of how the degree of limitation in concentration, persistence and pace was determined, including details for how the evidence available in the record supports the ALJ's determination, if not immediately clear.

### B. Without proper explanation for the determination of the degree of difficulty, the Court is unable to review the ALJ's RFC assessment and corresponding narrative discussion.

Plaintiff also alleges that under the *Mascio* decision, the ALJ's RFC assessment limiting Plaintiff to "simple, routine, repetitive work, in an environment with few, if any workplace changes" did not account for the moderate difficulties in maintaining concentration, persistence and pace that the ALJ found Plaintiff to have at step three of the sequential evaluation. Pl.'s Mot. 13-14 (citing R. 17). Commissioner argues that the ALJ supplied an additional explanation in her narrative for why the limitations included in the RFC assessment addressed Plaintiff's moderate difficulties in concentration, persistence and pace, thus satisfying the *Mascio* requirements. Comm'r's Mot. 6.

The functional area of concentration, persistence, or pace

[R]efers to the abilities to focus attention on work activities and stay on task at a sustained rate. Examples include: Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at

9

work; and working a full day without needing more than the allotted number or length of rest periods during the day.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Under *Mascio*, the Fourth Circuit held that an RFC assessment must account for the ALJ's step three finding of moderate limitations in concentration, persistence or pace beyond limiting a claimant to performing only "simple, routine tasks." *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

As the Court "cannot review the ALJ's mental-impairment evaluation, we cannot say that [she] properly assessed [Plaintiff's] RFC." *Patterson*, 846 F.3d 656, 662 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520a(c)(3); *Mascio*, 780 F.3d at 637). However, the Court notes that the RFC assessment as it is currently would be insufficient to meet the *Mascio* requirements without additional explanation. *See, e.g.*, *McDonald v. Comm'r. Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision'" was insufficient to meet *Mascio* requirements); *but see Henig v. Colvin*, No. TMD-13-1623, 2015 WL 5081619, at *12 (D. Md. Aug. 26, 2015) (citations omitted) (citing to a number of cases in which the court found the standard established in *Mascio* was met through specific low-production language).

Upon remand and reconsideration of her determination of the degree of Plaintiff's functional limitations, the ALJ is further directed to review her RFC assessment. Should the

10

ALJ determine that Plaintiff has limitations in her functional area of concentration, persistence or pace, the ALJ is directed to provide either corresponding limitations in her RFC assessment or an explanation in the subsequent discussion section as for why there was no need for additional limitations.  As the Fourth Circuit has urged ALJs to do before: "[s]how your work." *Patterson*, 846 F.3d 656, 663.

## IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** this matter with specific instructions for the ALJ to: (1) provide a more detailed and supported explanation as to how she came to the determination of the degree of limitation of Plaintiff's ability to maintain concentration, persistence or pace so as to permit judicial review, and (2) include a corresponding limitation for the level of Plaintiff's difficulty in maintaining concentration, persistence and pace—if the ALJ finds any in step three—or provide an explanation for why such a limitation is not necessary.  In making this decision, the Court offers no opinion on the ALJ's ultimate determination that Plaintiff is not disabled within the meaning of the Social Security Law.

November 6, 2018               /s/
                               Charles B. Day
                               United States Magistrate Judge

CBD/clc