IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **KELLEY B.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   Civil Action No. CBD-17-2810 |
| | ) |
| **ANDREW SAUL,**[1] | ) |
| | ) |
|    **Commissioner,** | ) |
|    **Social Security Administration** | ) |
| | ) |
|    **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

Kelley B. ("Plaintiff") brought this action under 42 U.S.C. § 406(b)(1) seeking attorney's fees following the Notice of Award from the Social Security Administration ("SSA"). Before the Court are Plaintiff's Motion's for Attorney's Fees ("Plaintiff's Motion") ECF No. 27 and Defendant's Response to Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b)(1) ("Defendant's Response") ECF No. 28. The Court has reviewed Plaintiff's Motion, the response thereto, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS** Plaintiff's Motion. A separate Order will issue.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

I.  **Procedural Background**

On November 7, 2018, following Plaintiff's Motion for Summary Judgment, the Court pursuant to 42 U.S.C. § 405(g), vacated and remanded the Administrative Law Judge's ("ALJ") decision for further proceedings. ECF No. 23. On December 26, 2018, the Court granted Plaintiff's Motion for Attorney's Fees, ECF No. 26.[2] On remand, the ALJ granted Plaintiff's claims for supplemental security income benefits. Hr'g Decision 26, ECF No. 27–1; *see also* Notice of Award, ECF No. 27–2. The Commissioner of the Social Security Administration issued a Notice of Award on April 13, 2020. Notice of Award, ECF No. 27–2. On April 14, 2020, Plaintiff filed a Line seeking attorney's fees in the amount of $11,399.25. Pl.'s Mot. 1.

II.  **Analysis**

Plaintiff's counsel seeks to recover $11,399.25 representing 25% of Plaintiff's past due benefits of $45,597.00. *Id*. Plaintiff's counsel states that he will reimburse $1,037.40 in attorney's fees that he recovered pursuant to EAJA, 28 U.S.C. § 2412.[3] *Id.* Defendant does not specifically object to Plaintiff's counsel's request for $11,399.25 in attorney's fees but defers to the Court to determine whether the fees are reasonable under the law. Def.'s Resp. to Pl.'s Mot. 2.

Under 42 U.S.C. § 406(b), the Court is authorized to award attorney's fees not to exceed twenty-five (25) percent of a claimant's total past-due benefits to an attorney who successfully represented a claimant before the Court. 42 U.S.C. § 406(b)(1)(A); *see Mudd v. Barnhart*, 418

---

[2] The Court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, awarded Plaintiff $3,749.21 in attorney's fees. *See* Stipulation and J. for Payment of Attorney's Fees, ¶ 1. The parties stipulated that if Plaintiff's claim is allowed on remand, any requests for attorney's fees pursuant to 42 U.S.C. § 406(b), would be subject to final review and approval as reasonable by the Court. *Id*. ¶ 2.

[3] Plaintiff's counsel was awarded $3,749.21. However, $2,711.81 was garnished, so Plaintiff's counsel only received $1,037.40. *Id.*; *see* Garnishment Letter, ECF No. 27 – 3.

F.3d 424, 426 (4th Cir. 2005) ("[A] district court may award fees to a successful claimant's lawyer for his representation before the court."). "Although contingent fees are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'" *Patricia F. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-2281, 2020 WL 247361, at *1 (D. Md. Jan. 16, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). To determine the reasonableness of an attorney's fee petition, the Supreme Court held that a reviewing court may consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Supreme Court also stated that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Further, a court may request Plaintiff's counsel to submit a record of the hours the attorney spent representing Plaintiff and a statement of the attorney's normal hourly rate for noncontingent fee cases. *Gisbrecht*, 535 U.S. at 808.

In this case, Plaintiff and Plaintiff's counsel entered into a contingency fee agreement. *See* Soc. Sec. Disability Retainer Fee Agreement, ECF No. 24–3. Plaintiff agreed to pay her attorney twenty-five (25) percent of all retroactive benefits to which she may receive. *Id*. Plaintiff's counsel provided an itemization that shows he spent 18.5 hours representing Plaintiff before the Federal Court. *See* Att'y Aff. ¶ 7, ECF No. 24-6; *see also* Timesheet, ECF No. 24–7. If Plaintiff's counsel receives the full amount sought, his effective hourly rate is $616.18.[4]

Plaintiff's counsel has practiced social security law for approximately (6) six years and works at a firm with partners who have practiced social security law for over thirty (30) years. Att'y Aff. ¶ 5. Plaintiff's counsel's regular hourly billing rate is $300.00. *Id.* at ¶ 6. Although

---

[4] Total amount sought ($11,399.25) divided by total number of hours spent representing Plaintiff (18.5).

Plaintiff's counsel's hourly rate is the top hourly rate that is presumptively reasonable for attorneys with his experience level,[5] the "[c]ourts in the Fourth Circuit have approved contingency agreements that produce much higher hourly rates in successful Social Security Appeals." *Patricia F.*, 2020 WL 247361, at *2 (approving a contingency fee hourly rate of $515.97); *see also Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving a contingency fee hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D.W. Va. 2003) (approving a contingency fee hourly rate of $1,433.12); *Kearon L. v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160, at *1–2 (D. Md. July 7, 2016) (unpublished) (approving a contingency fee hourly rate of $1,028.14).

This Court has also approved hourly rates for present counsel that are more than Plaintiff's counsel's requested hourly rate. *See, e.g.*, *Arvie W.*, 2019 WL 3975187, at *2 (approving a contingency fee hourly rate of $1,000); *Barbara F. v. Comm'r. Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738, at *2 (D. Md. July 25, 2019) (approving a contingency fee hourly rate of $1,000); *Kimberly B.*, 2019 WL 1559426, at *2 (D. Md. Apr. 10, 2019) (approving a contingency fee hourly rate of $1,000, more than triple the top hourly rate for an attorney with experience for five to eight years according to Maryland's Local Rules); (*Samantha E. v. Saul*, No. CV DLB-19-411, 2021 WL 2982106, at *2 (D. Md. July 15, 2021) (approving a contingency fee hourly rate of $990.47 – more than two times the top hourly rate for an attorney with experience for five to eight years according to Maryland's Local Rules).

---

[5] According to the Maryland Local Rules, a reasonable hourly rate for "[l]awyers admitted to the bar for five (5) to eight (8) years" is between $165.00-$300.00/hr. Local R. App. B (D. Md. 2018). Local R. App. B (D. Md. 2018). However, the local rules do not govern Social Security cases. *Arvie W. v. Comm'r., Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2, n.1 (D. Md. Aug. 22, 2019). The factors established by Social Security case law govern the reasonableness of attorney's fees. Local R. App. B (D. Md. 2018).

Here, Plaintiff's counsel performed effectively by obtaining a significant past-due benefit award to his client. As mentioned above, generally, cases with hourly rates in this District around $1000 or approximately triple the amount of an attorney's typical hourly rate, are considered reasonable. Plaintiff's counsel is requesting a contingency fee hourly rate of $616.18 – which is slightly more than two times his typical hourly rate. For the reasons set forth above, the Court finds Plaintiff's counsel's requested hourly rate to be reasonable. Hence, the Court awards attorney's fees totaling $11,399.25. Plaintiff's counsel is directed to reimburse Plaintiff the $1,037.40 in fees previously received pursuant to the EAJA, 28 U.S.C. § 2412 award, as discussed in Plaintiff's Motion. Pl.'s Mot. 1; Att'y Aff. ¶ 10.

### III. Conclusion

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion.

August 24, 2021                                                /s/
                                                               Charles B. Day
                                                               United States Magistrate Judge

CBD/pjkm